IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| JUSTIN TYLER POILES | ) NO. 16-21320 |
| CHRISTY MICHELLE POILES | ) |
|     Debtor(s) | ) |
| | ) |
| TERRY LOUDERMILK | ) |
|     Movant | ) |
| | ) |
| vs | ) CONTESTED MATER |
| | ) |
| JUSTIN TYLER POILES | ) |
| CHRISTY MICHELLE POILES | ) |
|     and | ) |
| BRADLEY J. PATTEN, Trustee | ) |
|     Respondents | ) |

**NOTICE OF MOTION FOR RELIEF FROM STAY,
WAIVER OF THE 30-DAY REQUIREMNT OF SECTION 362(e),
AND WAIVER OF STAY OF ORDER UNDER BANKRUPTCY RULE 4001(a)(3)**

    TERRY LOUDERMILK has filed papers with the court seeking to terminate the automatic stay.

    **Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney, if you have on in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

    If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, you or your attorney must:

    File with the Court a written response explaining your position at:

> Clerk, U.S. Bankruptcy Court
> 120 Federal Building
> 121 Spring Street, SE
> Gainesville, Georgia 30501

    If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date of your hearing.

    You must also send a copy to:

        The Carr Law Group
        PO Box 999
        Clarkesville, Georgia 30523

        Justin Tyler Poiles
        240 Toto Creek Drive East
        Dawsonville, GA 30534

        Christy Michelle Poiles
        240 Toto Creek Drive East
        Dawsonville, GA 30534

        R. Jeffrey Field
        Jeffrey Field & Associates
        342 North Clarendon Ave
        Scottdale, GA 30079

        Bradley J. Patten
        Smith, Gilliam and Williams PA
        PO Box 1098
        Gainesville, GA 30503

     Attend the hearing scheduled to be held on October 11, 2018, at 1:00 p.m. in Courtroom 103, United Stated Bankruptcy Court, 121 Spring Street, S.E., Gainesville, Georgia 30501.

     If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

     IF THE MOTION IS FOR RELIF FROM STAY, and a hearing on the motion for relif from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date.  Movant consents to the automatic say remaining in effect until the Court orders otherwise.

Dated: 14th day of September 2018         /s/ Quentin Carr____
                                                                                    Quentin Carr, Bar No. 705116
                                                                                  Attorney for Movant
                                                                                   The Carr Law Group
                                                                                   P.O. Box 999
                                                                                   Clarkesville, GA 30523
                                                                                   706-754-9231
                                                                                   706-754-7145 fax
                                                                                   Quentin@thecarrlawgroup.com

                    IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| JUSTIN TYLER POILES ) | NO. 16-21320 |
| CHRISTY MICHELLE POILES ) | |
| Debtor(s) ) | |
| ) | |
| TERRY LOUDERMILK ) | |
| Movant ) | |
| ) | |
| vs ) | CONTESTED MATER |
| ) | |
| JUSTIN TYLER POILES ) | |
| CHRISTY MICHELLE POILES ) | |
| and ) | |
| BRADLEY J. PATTEN, Trustee ) | |
| Respondents ) | |

**MOTION TO MODIFY AUTOMATIC STAY UNDER 11 U.S.C. AND
WAIVER OF STAY OF ORDER UNDER BANKRUPTCY RULE 4001(a)(3)**

COMES NOW Terry Loudermilk (hereinafter referred to as "Movant"), a creditor of the above-named Debtor, and hereby files this its Motion to Modify Automatic Stay and Waiver of Stay of Order Under Bankruptcy Rule 4001 (a)(3), and, in support thereof, respectfully shows this Court as follows:

1.

Justin Tyler Poiles and Christy Michelle Poiles (the "Debtors") filed their voluntary petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code on July 6, 2016 and their case was converted to Chapter 7 on June 11, 2018.

2.

The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 157 and 11 U.S.C. Section 362.

3.

Bradley J. Patten is the duly designated Chapter 7 Trustee.

4.

There currently exists a Georgia State Superior Court of Dawson County action, C# 2018-CV-0123; Terry Robert Loudermilk v. Justin Tyler Poiles, now pending. Movant is the Plaintiff in the aforementioned state court action.

5.

The action is based on a vehicle accident, in which Debtor, Justin Tyler Poiles, was operating a vehicle and it is alleged Mr. Poiles was at fault in causing the accident and injury to Movant. Movant would show the Court that the injuries to Movant were a direct and proximate result, in whole or in part, of the negligence of Debtor, Justin Tyler Poiles.

6.

Movant believes that Debtor, Justin Tyler Poiles, or his employer, carries a policy or policies of insurance which would provide coverage for their liability, if any, in connection with the damages sustained by Movant. Movant seeks to modify the automatic stay for the limited purpose of continuing suit against Debtor to adjudicate and liquidate Debtor's liability in connection with the damages sustained by Movant.

7.

Movant also seeks to modify the automatic stay for the limited purpose of allowing Movant's to pursue collection of any judgment obtained in the state court action up to the limit of Debtor's liability insurance. Movant does not seek at this time any modification of the automatic stay for the purpose of pursuing collection of any judgment from Debtor or Debtor's assets.

8.

By this Motion, Movant seeks authority from this Court, to the extent it may be necessary under 11 U.S.C. §362, to proceed with the state court litigation to judgment in order to liquidate Movant's claims against Debtor. Movant also seeks authority, to the extent it may be necessary, to execute, levy, and collect upon such judgment for damages as may be obtained by Movant in the state court action from Debtor's or Debtor's employers insurance carrier or carriers, only.

9.

Movant alleges that the Court should lift the automatic stay to permit the continuance of the state court suit since no great prejudice to either the Debtor or the bankruptcy estate would result from the continuation of the civil action. Additionally, the hardship to Movant caused by the continuation of the stay considerably outweighs the hardship caused to the Debtor by modification of the stay.

10.

Movant alleges that the imposition of the automatic stay denies them the opportunity to litigate since further delays will result in the aging of evidence and loss of witnesses.

11.

Movant further alleges that cause exists to lift the automatic stay in order to continue with the state court litigation since discovery is pending and all issues are based entirely on state law.

12.

Pursuant to Bankruptcy Rule 4001(a)(3), an order granting a motion for relief from the automatic stay is stayed until the expiration of fourteen (14) days after the entry of the order "unless the court orders otherwise". Movant respectfully requests that the fourteen (14) day stay of the

Order pursuant to Bankruptcy Rule 4001(a)(3) be waived, and this Order be deemed effective immediately on the date of the entry of the Order.

WHEREFORE, Movant moves this Court for an Order terminating the automatic stay pursuant to 11 U.S.C. §362 to permit Movant to exercise its rights pursuant to relevant state law and continue to judgment in the State Court action and to execute, levy, and pursue collection upon any such judgment obtained by Movant in the State Court action to the extent of available insurance policies of insurance which provide coverage in such matters and by waiving the fourteen (14) day stay of the entry of the Order provided under Bankruptcy Rule 4001(a)(3), and for such other and further relief as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED, this 14th day of September 2018.

     /s/Quentin Carr
Quentin Carr, Bar No. 705116
Attorney for Movant
The Carr Law Group
P.O. Box 999
Clarkesville, GA 30523
706-754-9231
706-754-7145 fax
Quentin@thecarrlawgroup.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the forgoing "MOTION TO MODIFY AUTOMATIC STAY UNDER 11 U.S.C. AND WAIVER OF STAY OF ORDER UNDER BANKRUPTCY RULE 4001(a)(3)" and "Notice of Motion" upon the following parties either electronically using the CM/ECF system or by depositing a copy of the same in an envelope with adequate postage affixed thereon to ensure delivery by United States first-class mail:

Justin Tyler Poiles
240 Toto Creek Drive East
Dawsonville, GA 30534

Christy Michelle Poiles
240 Toto Creek Drive East
Dawsonville, GA 30534

R. Jeffrey Field
Jeffrey Field & Associates
342 North Clarendon Ave
Scottdale, GA 30079

Bradley J. Patten
Smith, Gilliam and Williams PA
PO Box 1098
Gainesville, GA 30503

United States Trustee-Atlanta
Office of the US Trustee
75 Ted Turner Drive, SW, Room 362
Atlanta, GA 30303

This 14TH day of September 2018

/s/ Quentin Carr
Quentin Carr, Bar No. 705116
Attorney for Movant
The Carr Law Group
P.O. Box 999
Clarkesville, GA 30523
706-754-9231
706-754-7145 fax
Quentin@thecarrlawgroup.com